MORGAN, Ex'ix. *versus* CRABB,

QUESTIONS IN THIS CASE.

*Upon relief in Chancery on impertinent testimony.*
*As to subjec ing assets to payment of debts, in Chan-*
*cery.*
*Relative to rights of parties not litigating a cause.*

1. Chancery will not afford relief upon evidence---material allegations to support which, are not contained in the bill.
2. Chancery will not subject the personal assets of an estate, (which cannot be reached by execution at law,) to the payment of a creditors demand, unless such creditor has obtained a judgment against the debtor ; and an execution thereon, has been returned *nulla bona.*
3. Where an appeal is taken upon a decree, and it appears that neither of the parties litigating the cause, are entitled to the subject matter of the decree; but a third person, not a party to the appeal---this court cannot reverse in favor of the latter.

In error from Tuskaloosa Circuit Court.

This was a case in Chancery. George W. Crabb, by bill, set out, that in 18:9, one Richard Dennis, junior, executed to him and one Powell, a deed of trust, of certain slaves, for the benefit of his creditors—among whom was Richard Dennis, senior : that the trustees having sold the slaves, and made distribution of the funds, found the sum of one thousand dollars due and owing to Dennis, the elder : that Richard Dennis, senior, being deceased, administration of his estate had been committed to one Glover ; who, together with Samuel B. Ewing, Samuel Morgan, and Thomas R. Bolling, were laying claim to the said money. The complainant, therefore, filed this bill, to compel the claimants to litigate

their conflicting claims; and to obtain a decree au thorising the payment of the said sum to the party legally entitled thereto.

The defendant, Bolling, claimed the amount as a creditor of Richard Dennis, senior. Having become the indorsee of a promissory note, executed by said Richard Dennis, senior, he obtained judgment thereon against the administrator ; and subsequently took out an attachment : on this attachment, the said trustees, and Richard Dennis, junior, were summoned, and against the latter, a judgment finally obtained. Upon this debt, and judgment, Bolling, therefore, based his claim.

Ewing claimed the fund, under certain transactions between himself and the younger Dennis ; but none of these matters were sustained by proof.

Glover did not set up a claim further, than as the administrator of the elder Dennis.

Morgan having died, his administratrix asserted his claim, as based upon an order, given by Dennis, senior, to her intestate, up on the said trustees ; and upon the indebtedness of Dennis, senior, to said Samuel Morgan.

In reference to the order, it was proved that it was given by the elder Dennis, without consideration; and was intended to be vested in Morgan, as a trust fund, for the use of Dennis' illegitimate children.

Upon this state of facts, the Circuit Court decreed the money, first, to the discharge of Bolling's claim, and secondly, to that of the plaintiff in error.

On this decree, Lucy Morgan prosecuted a writ of error, to this Court ; and assigned for cause of reversal, the preference given by the Chancellor, to Bolling's claim.

Messrs. *Ellis & Peck* for the plaintiff in error— Mr, *Thornton, contra.*

HOPKINS, J.—In this case, Crabb, one of the defendants in error, had in his hands the sum of one thousand dollars, as a trustee of the estate of one Richard Dennis, sen. deceased: to which each of the other defendants, and the plaintiff in error, made a distinct and exclusive claim. For the purpose of compelling these persons, one of whom, was the administrator of Dennis, to settle their conflicting claims, and to obtain the authority of a decree for the payment of the money, which he wished to make to whoever was entitled to receive it, he filed his bill of interpleader against all of them.

The defendant, Glover, who is the administrator of Richard Dennis, sen. claimed the money in his representative character only.

The answer of Ewing was supported by no proof.

The answer of Bolling stated, that he had commenced a suit, by attachment, against Richard Dennis, sen. in which he sued out a summons garnishment against Crabb, and one against Richard Dennis, jr. That he obtained a judgment against the latter, as the debtor of Richard Dennis, sen.; but what was the result of the suit by attachment, or of the summons to Crabb, the answer does not disclose. In this answer there is an allegation, the effect of which is, that the facts stated in it will more fully appear by reference to the records remaining in the Court, in which the answer was filed, and the suit was pending.

The judgment against Richard Dennis, jr. could not be satisfied on an execution out of the assets of

MORGAN, ex'ix *vs.* CRABB.

Richard Dennis, sen., and gave Bolling no right in equity, to the fund in the hands of Crabb An original record of the law side of a Circuit Court, is competent evidence, on the equity side of the same Court, in any case, in which an authenticated transcript of the record, would be. But, as there was no averment, in the answer of Bolling, that he had a judgment against Richard Dennis, sen, he was entitled to no benefit from the proof of that fact. The reference, in his answer, to the record, was not so made as to make the whole record a part of his answer. The record was referred to, merely to prove the facts which were stated in the answer.

The principle is well settled, that no relief can be given, but on proof, pertinent to the statement of facts, relied on, to obtain it A party is no better entitled to relief, upon evidence, without the material allegations, than on such allegations, without sufficient proof [a]

[a] 3 Lit R 339
—10 Wheat 189

But, had the judgment, against Richard Dennis, sen., been stated in the answer, the proof of it would not entitle Bolling, in equity, to the fund, which could not be reached by an execution upon the judgment To give a creditor a right to the exercise in his behalf, of the power, which Courts of Equity have, to subject personal assets, on which no execution at law, can be levied, to the satisfaction of his demand, he must have, not only a judgment against his debtor, but an execution, with a return of *nulla bona*, before he makes his application for aid, to a Court of Equity [b] *Vandegraaff et al vs. Medlock, et al* [c]

[b] 4 John. Ch 671. 687.
[c] Page 389, of this vol.

The plaintiff in error claimed the fund, on an order, drawn upon the trustee, for the amount of it, by

Richard Dennis, sen., in his life-time, in favor of her testator. It was proved, by the deposition of one witness, that the testator, in his life-time, informed the witness, that the order was not drawn for any debt due to himself, but for the use of some illegitimate children of the drawer. To another witness, the testator said, he had but little interest in the order. Some small expenses incurred by him, for the drawer, during his last sickness, he was to retain out of the amount, when collected, and the balance, he was to hold, as a trustee, for the benefit of the illegitimate children of Dennis, who drew the order. It is stated, in the only other deposition which relates to the consideration of the order, that, at the time it was drawn, the drawer was indebted to Morgan, the testator, but, in what amount the witness did not know.

The proofs in the cause, show, that Dennis, the drawer, was insolvent, at the date of the order—and the proper inference from this fact is, that he drew the order, to defraud his creditors. It is not necessary to decide, whether, upon a contract, fraudulent, in part, so much secured by it, as was honestly due, may be recovered. In this case, the evidence did not show that any particular sum was due. When proof is so indefinite, as not to fix any sum, or one of two sums, or a sum above one amount, and under another, as the amount of the debt, there ought to be no decree, for any thing. The decree of the Circuit Court directed that the judgment of Bolling, against the administrator of Richard Dennis, sen., who was made a party to the suit, by attachment, after the death of his intestate, should be first satisfied, out of the trust fund, and the balance paid to the plaintiff

in error, upon the order.　We think the whole fund should have been decreed to the administrator.— But, as no one has appealed, or prosecuted a writ of error, but one, who had a decree for something, when she was entitled to nothing, we can do no less than affirm the decree.

The settled practice of this Court, prevents the notice of any error, which is not presented by an assignment.　The decree can not be reversed, for an error, which does not injuriously affect the rights of the plaintiff in error; and the party who was injured by it, makes no complaint.

The view we have taken of the subject, was thought necessary, to prevent any mistake in future, as to the ground, upon which the decree is affirmed.

Let the decree be affirmed.

COLLIER, J.—In the Circuit Court, the only controversy, was between the plaintiff in error, and the defendant, Bolling—consequently, the claim of the administrator of the elder Dennis, was not examined.　Had it been brought to the view of the Court, the fund would certainly have been decreed to him. It is, however, more than probable, that no injury will result from the decree—especially, if Bolling was the only creditor, who gave notice of his demand, to the administrator, within eighteen months from the grant of administration.